## STATE v. SAVEL.
No. 77-1277-MO.
County Court, Palm Beach County.

June 23, 1977.

John C. Randolph, Tequesta, for the state.

E. Cole Fitzgerald, West Palm Beach, for the defendant.

HAROLD JEFFREY COHEN, County Court Judge.

This cause came on to be heard before me on the 22nd day of June, 1977 upon the defendant's motion to dismiss filed with the clerk of court on May 9, 1977. The state was represented by John C. Randolph, Esquire and the defendant was represented by E. Cole Fitzgerald, Esquire. The proceedings were stenographically court reported.

On February 17, 1977 the defendant was charged by notice to appear and affidavit with a violation of the Village of Tequesta's sign ordinance in that he did "display more than one sign in store window." (See notice to appear filed with the clerk of court on February 18, 1977.)

The notice to appear and affidavit charges a violation of Village of Tequesta Ordinance #171.11(1) which states —

> Paper or other temporary signs may be affixed or otherwise attached to or displayed within glass display windows of commercial establishments or stores in commercial districts C-1 and C-2, without the requirement of a permit being obtained therefore; provided however, that not more than one such sign shall be permitted within or upon such window display, and further, that any such sign shall not exceed 500 square inches in size. The foregoing shall not prohibit the use of tags or placards, when such are directly adjacent to or attached to merchandise displayed for sale; provided, however, that the size and number of such signs are esthetically in keeping with the display window or building.

Violation of the aforementioned ordinance carries criminal penalties. (The entire Village of Tequesta Ordinance #171 was admitted into evidence as state's Exhibit A without objection at the hearing.)

The signs allegedly displayed by the defendant in violation of the ordiance include (1) a poster drawn by an elementary school student advertising a Parent Teachers Association function intended to raise funds; (2) a notice advertising a church concert; (3) a

notice published by the Palm Beach County School Board announcing meetings on "Concept Six" — a controversial school calendaring issue in northern Palm Beach County. The three posters themselves were admitted into evidence at the hearing as Defense Exhibit 1 without objection.

In addition, the court received in evidence without objection the Village of Tequesta's Comprehensive Development Plan, 1975 Supplement, as state's Exhibit B. The Comprehensive Development Plan gives an extensive profile of the Village of Tequesta.

The court has also reviewed the memorandum in support of defendant's motion to dismiss filed by the defendant on May 9, 1977 with the clerk of court and the plaintiff's memorandum in opposition to defendant's motion to dismiss filed by the state on June 9, 1977. Extensive argument of counsel for the parties was heard by the court and several cases cited.

The defendant argues that the ordinance under which the defendant was cited is an unconstitutional attempt to impose aesthetic discipline upon the citizens of the Village of Tequesta. The defendant further argues that the practical application of the ordinance in this case renders the ordinance unconstitutional in that the way in which the ordinance has been enforced not only infringes upon free speech but is whimsical and "silly." He stresses the fact that the violation alleged in this case results from the posting simultaneously of a PTA sign, a church sign, and a school notice.

The state responds that the village ordinance is a model ordinance and well drawn taking into account aesthetic considerations which are just causes for regulating signs.

In essence, the state argues that the aesthetic considerations of the ordinance which restrict the use of property are done for the common good and general welfare of the village. The state argues that the court should not substitute its judgment for the city council of the Village of Tequesta and should take into account the peculiar facts of the particular community of Tequesta as outlined in the Village's Comprehensive Development Plan. The state indicates that the evil of cluttered windows can be controlled by the ordinance which is reasonable and bears a reasonable relationship to aesthetic values promoted therein.

Although it is fundamental that one may not be deprived of his property without due process of law, it is well established that he may be restricted in the use of it when that is necessary to the common good. We must weigh the defendant's rights against that of the public as expressed in the ordinance. The restrictions must

find their basis in the safety, health, morals or general welfare of the community. *See City of Miami Beach v. Ocean and Inland Company*, 3 So.2d 364 (Fla., 1941).

Clearly, in this case the health, safety, or morals of the Village of Tequesta are not involved. The issue before the court is whether in the circumstances of this particular case the restrictions are so unnecessary to the general welfare of the Village of Tequesta that the curtailment of the rights of the defendant is unreasonable and arbitrary. See *City of Miami Beach*, supra, page 366.

Unquestionably, aesthetics is a valid subject of legislative concern. Reasonable ordinances or laws designed to promote that end are valid and permissible exercises of the police power. See *E. B. Elliot Advertising Company v. Metropolitan Dade County*, 425 Fed. 2d 1141 (5 Cir., 1970).

In *Sun Ad, Inc. v. City of Sarasota*, 122 So.2d 611 (Fla., 1960), the Florida Supreme Court reaffirmed the view that a state or village was entitled to take into account the beauty of the community in exercising its police powers. The court held at page 614 —

> . . . aesthetic considerations could be just cause for regulating signs in Sarasota inasmuch as the city was of the same character as Miami Beach . . . This controversy devolves, then, into the question whether or not the ordinance operates to put the petitioner out of business or so to cripple its business, as to amount to an unreasonable and discriminatory invasion of its rights, hence an exercise of the police power which aesthetics do not warrant . . .

In *Davis v. Sails*, 318 So.2d 214 (1 DCA, 1975), the court recognized, at page 220, the principle that a statute or ordinance may be valid as applied to one set of facts and invalid in its application to another set of facts.

In the case at bar it has not been shown that the restriction imposed by the Village of Tequesta's ordinance bears any substantial or reasonable connection with the public health, morals, safety or welfare of the general community. Taking into account the posters as evidenced by defendant's Exhibit 1, their very display appears to be in the interest of the community. The signs are non-commercial and clearly exhibited in the public interest.

Based upon the exhibits admitted into evidence at the hearing, the argument of counsel, the law cited to the court and contained herein, and based upon the facts peculiar to this case, the court finds the Village of Tequesta's Ordinance #171.11(1) as applied to the defendant is unconstitutional and invalid, and the defendant's motion to dismiss is therefore granted.